# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-cr-20325-STA |
| ) | |
| ALBERT CHALMERS, ) | |
| ) | |
| Defendant. ) | |

_____

## ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
_____

Before the Court is Defendant's Motion to Suppress Statements (D.E. # 36), filed on October 20, 2010. This Court referred the Motion to the Magistrate Judge for Report and Recommendation on October 28, 2010. (D.E. # 40.) On June 23, 2011, the Magistrate Judge held a hearing on the Motion. (D.E. # 67.) The Court received the Report and Recommendation on September 16, 2011. (D.E. # 80.) The Magistrate Judge recommended that the Court deny the Motion to Suppress. Defendant filed Objections to the Report and Recommendation (D.E. # 85) on October 11, 2011. The Government has not responded to Defendant's objections.

The Court has reviewed the entire record in this case and for the reasons set forth below, Defendant's objections are **OVERRULED**, the Magistrate Judge's Report and Recommendation is **ADOPTED,** and the Motion to Suppress is **DENIED**.

## BACKGROUND

On August 25, 2009, Defendant was charged with one count of being a felon in

1

possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of possessing with intent to distribute approximately 90 grams of marijuana in violation of 21 U.S.C. § 841(a)(1). In his Motion to Suppress, Defendant asked the Court "to suppress all alleged statements made by Defendant which resulted from unlawful custodial questioning" in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). (Def.'s Mot. to Suppress, D.E. # 36, at 3.) At the hearing before the Magistrate Judge, "Defendant narrowed the issue to seek to suppress only Defendant's statements made in the squad car regarding his purchase of the firearm and his lack of knowledge that it was reported stolen." (Report & Recommendation, D.E. # 80, at 1.)

The Magistrate Judge conducted a hearing at which she received testimony from the Government's witnesses: Officer Keith Crosby ("Officer Crosby") of the Memphis Police Department and Renee A. LaMondue ("LaMondue") of Memphis Police Department Communications. (D.E. # 67.) The Magistrate Judge recommended that the Motion to Suppress be denied. Defendant filed objections to the Magistrate Judge's recommendation. The Government has not responded to Defendant's objections.

While Defendant initially states that he "adopts the Magistrate Judge's factual findings," he raises one objection to the Report and Recommendation. (Def.'s Objections to the Report & Recommendation, D.E. # 85, at 1.) Defendant "objects and takes exception to the finding that it is unrefuted that . . . Defendant initiated the conversation with Officer Graves[1] and began 'blurting things out.'" (*Id.* at 1-2.) In support of this statement, Defendant avers that Officer Crosby asserted two different positions regarding when Defendant made incriminating

---

[1] Officer Graves was the other officer in the car with Officer Crosby and Defendant, but he did not testify at the suppression hearing.

statements. (*Id.* at 2.) First, Officer Crosby said that Defendant blurted out incriminating statements as a result of hearing radio communications regarding the trace of the gun. (*Id.*) Second, in contrast, Defendant points out that Officer Crosby also said that Defendant made incriminating statements after Officer Graves told him that the weapon was stolen. (*Id.*) Defendant contends that "these positions [are] mutually exclusive." (*Id.* at 3.)

Moreover, Defendant argues that the radio communications regarding whether the gun was stolen—which took place in code—"would not be understood unless one had the legend for or was familiar with the code." (*Id.*) Therefore, Defendant asserts that it is more plausible for Defendant to have responded to Officer Graves' statement regarding the fact that the weapon was stolen. (*Id.*) Defendant than avers that if the Court assumes that Defendant's incriminating statements were in response to Officer Graves' statement, Officer Graves' statement was the functional equivalent of express questioning in violation of *Miranda*. (*Id.* at 3-4.) Therefore, Defendant argues that the incriminating statements he made in the police car should be suppressed.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Court may refer a motion to suppress in a criminal matter to a United States Magistrate Judge for the purpose of conducting an evidentiary hearing and to submit proposed findings of fact and recommendations for the disposition of the motion.[2] The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[3] After reviewing the

---

[2] 28 U.S.C. § 636(b)(1)(B).

[3] 28 U.S.C. § 636(b)(1)(C).

3

evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge.[4] The Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made.[5] Rather the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed.[6]

## ANALYSIS

The Court will review the Defendant's objection regarding the Magistrate Judge's determination that Defendant initiated the conversation with Officer Graves and then began "blurting things out." As stated above, Defendant objects to the Magistrate Judge's finding that Defendant made his incriminating statements after initiating a conversation with Officer Graves under the first version of events discussed above. The Magistrate Judge found three details in the events surrounding Defendant's utterance of the incriminating statements which are unrefuted by evidence.[7] Specifically, the Magistrate Judge observed, in the Report and Recommendation, that:

> First, Defendant initiated the conversation with Officer Graves and began "blurting things out." Second, Officer Graves informed Defendant at some point during their conversation that the firearm was stolen. Third, Defendant stated that "he didn't know that gun was stolen," that he "bought the gun off the street for $20.00," and that "he wouldn't never [sic] have bought it had he known that gun was stolen."[8]

---

[4] *Id.*

[5] *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

[6] *Id.* at 151.

[7] (Report & Recommendation, D.E. # 80, at 7.)

[8] (*Id.*)

While the Magistrate Judge acknowledged that she could not "glean . . . a perfect picture of what occurred," she further noted that "certain conclusions from the evidence are inevitable."[9] Those conclusions included that "no evidenced whatsoever [existed] that Officer Graves or Officer Crosby—or any other law enforcement officer for that matter—initiated any express questioning of Defendant during th[e] isolated interaction [between Officer Graves and Defendant regarding the stolen gun.]"[10] Moreover, the Magistrate Judge noted that "[w]ith respect to whether Defendant was subjected to the functional equivalent of interrogation, the record does not reflect that Officers Graves and Crosby engaged in conduct that they should have known was reasonably likely to elicit an incriminating response."[11]

The Court has thoroughly reviewed the parties' briefs and the Magistrate Judge's Report and Recommendation. Defendant's main objection is that Officer Crosby's testimony is inconsistent. But under either scenario presented by Officer Crosby, it does not appear to the Court that the officers initiated any questioning of Defendant after he invoked his *Miranda* rights. Even accepting Defendant's contention that Officer Graves made a statement regarding the stolen gun to which Defendant then made or "blurted out" an incriminating statement, the Court finds that Officer Graves' statement is not the functional equivalent of interrogation.

Consequently, this Court **ADOPTS** the Magistrate Judge's finding that the Defendant's *Miranda* rights were not violated. Thus, the Court **DENIES** the Defendant's Motion to Suppress.

---

[9] (*Id.*)

[10] (*Id.*)

[11] (*Id.*)

## CONCLUSION

For the foregoing reasons, after *de novo* review, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the Defendant's Motion to Suppress.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
**S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE**

Date: December 19, 2011.